**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHANNA FOODS, INC., | : CIVIL ACTION NO. 11-2612 (MLC) |
| Plaintiff, | : **O P I N I O N** |
| v. | : |
| TOOBRO HOLDINGS TBF LLC, et al., | : |
| Defendants. | : |

**THE PLAINTIFF** brings this action to recover damages for, <u>inter alia</u>, breach of contract against, among other defendants, (1) Toobro Holdings TBF LLC, Toobro Dag LLC, Toobro NY LLC, Toobroville, LLC, Toobros, Inc., and Toobro, LLC ("Toobro Entities"), and (2) Mendel Bistritzky and Steve Bistritzky. (Dkt. entry no. 1, Compl.) The plaintiff alleges that (1) the Toobro Entities purchased certain food products ("Products") from the plaintiff from August 2010 to October 2010, (2) a Toobro Entities' representative requested that the plaintiff invoice and ship the Products to an entity known as "FJB LLC d/b/a Toobro" ("FJB"), and the plaintiff did so, (3) FJB petitioned for bankruptcy protection ("Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court") on March 11, 2011, and listed the plaintiff as an unsecured creditor, (4) the business activities of the Toobro Entities and FJB are intertwined, (5) Mendel Bistritzky and Steve Bistritzky control the Toobro Entities and FJB, and (6) the Toobro Entities,

Mendel Bistritzky, and Steve Bistritzky should pay for the Products.  <u>See</u> Petition, <u>In re FJB LLC</u>, No. 11-11060 (Bankr. S.D.N.Y. Mar. 11, 2011).  (<u>See</u> Compl.; <u>see</u> <u>id.</u>, Exs. B & C, Pl. Invoices to FJB.)  The plaintiff also alleges that in June 2010 — two months before the plaintiff initially complied with the request to invoice and ship the Products to FJB — Mendel Bistritzky and Steve Bistritzky (1) executed guaranty agreements ("Guaranty Agreements") with it, (2) guaranteed that they would be responsible for the liabilities of the Toobro Entities, and (3) agreed that any action brought by the plaintiff concerning the Guaranty Agreements may be commenced in New Jersey ("Forum Clauses").  (Compl. at 10; <u>id.</u>, Ex. E & F, Guaranty Agreements.)

**AN ACTION** is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy".  <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted); <u>see</u> <u>In re Combustion Eng'g</u>, 391 F.3d 190, 226 (3d Cir. 2004).[1]  To be "related to" bankruptcy, the action need not be against the debtor or the

---

[1] The "Supreme Court effectively has overruled <u>Pacor</u> with respect to its holding that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case.  <u>See</u> <u>Things Remembered, Inc. v. Petrarca</u>, 516 U.S. 124 . . . (1995).  But <u>Things Remembered</u> does not disturb the authority of <u>Pacor</u> on the points for which we cite it.  In fact, the <u>Pacor</u> test has been enormously influential as a cogent analytical framework relied upon by our sister circuits more than any other case in this area of the law." <u>In re Resorts Int'l</u>, 372 F.3d 154, 164 n.6 (3d Cir. 2004) (quotations and citation omitted).

debtor's property.  <u>Pacor, Inc.</u>, 743 F.2d at 994.  An "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate".  <u>Id.</u>; <u>see also</u> <u>In re Combustion Eng'g</u>, 391 F.3d at 226.

**PURSUANT TO** 28 U.S.C. § ("Section") 1412, a district court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties".  28 U.S.C. § 1412; <u>see</u> 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); <u>Maritime Elec. Co., Inc. v. United Jersey Bank</u>, 959 F.2d 1194, 1212 (3d Cir. 1991) (instructing that proper method for transferring related action to bankruptcy court already hearing bankruptcy case is to change venue from non-bankruptcy forum to bankruptcy forum under Section 1412, and then refer related action to bankruptcy court); <u>Abrams v. Gen. Nutrition Cos.</u>, No. 06-1820, 2006 WL 2739642, at *8 (D.N.J. Sept. 25, 2006) (finding Section 1412 applies to transfer of action "related to" bankruptcy case).  In general, the forum where the bankruptcy case is pending is the proper venue for all actions "related to" that bankruptcy case.  <u>Abrams</u>, 2006 WL 2739642, at *9; <u>see</u> <u>Hohl v. Bastian</u>, 279 B.R. 165, 177

3

(W.D. Pa. 2002); Krystal Cadillac-Oldsmobile-GMC Truck, v. Gen. Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999).

**THIS ACTION** is related to the Bankruptcy Case because an outcome here could affect the estate being administered, as the plaintiff alleges that (1) the Toobro Entities and FJB are intertwined and controlled by Mendel Bistritzky and Steve Bistritzky, and (2) the Toobro Entities, Mendel Bistritzky, and Steve Bistritzky should pay for the Products. See Pacor, Inc., 743 F.2d at 994. Also, the Bankruptcy Case is being actively litigated. See Docket, In re FJB LLC, No. 11-11060 (Bankr. S.D.N.Y.). Thus, the interests of justice and the convenience of the parties favor a transfer of venue, as the New York Bankruptcy Court will be better positioned to determine how and to what extent the plaintiff's claims will affect (1) the bankruptcy estate, (2) the estate's efficient administration, and (3) asset distribution. See 28 U.S.C. § 1412; Abrams, 2006 WL 2739642, at *9; Hohl, 279 B.R. at 178.

**THE DEFENDANTS** may be precluded from considering a transfer of venue due to the Forum Clauses, but the Court is not. See Creekridge Capital v. La. Hosp. Ctr., 410 B.R. 623, 630-31 (D. Minn. 2009) (transferring action to Louisiana where bankruptcy case was pending, even though guaranty agreement set proper venue in Minnesota); Indep. Stationers v. Vaughn, No. 99-127, 2000 WL 1449854, at *7-8 (S.D. Ind. Jan. 3, 2000) (transferring action to Oklahoma, even though agreement set proper venue in Indiana).

4

**THE COURT** intends to transfer this action to the Southern District of New York immediately, as time is of the essence in view of the active Bankruptcy Case.  For good cause appearing, the Court will issue an appropriate order.[2]

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

Dated:  May 10, 2011

---

[2]  The transferee district court should refer this action to the New York Bankruptcy Court.  See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"); Maritime Elec. Co., 959 F.2d at 1212.  The extent of the New York Bankruptcy Court's authority over this action depends on whether it is (1) a "core proceeding" or (2) a "non-core proceeding" otherwise related to a case under title 11.  28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter order or judgment in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court submits proposed findings of fact and conclusions of law to district court in non-core proceedings, and final order will be entered by district court after considering same); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  The New York Bankruptcy Court will determine whether this action is a core proceeding or related-to proceeding. See 28 U.S.C. § 157(b)(3); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same).